## Frederick Korn *vs.* William Cutler.

A testator devised certain real estate " to A. in trust for B. and her heirs, for her and her heirs' sole use and benefit." B. afterward married C., devised to him all her' estate and died leaving a child. Held, 1. That B. took an equitable fee and not a mere life estate. 2. That she could dispose of this interest by will.

THIS was a petition in chancery to compel the respondent to convey to the petitioner the legal title outstanding in him as trustee to the real estate below described.

The will of Elbridge Cutler, who died in 1850, contained the following devise. "To my daughter Jane Maria Cutler, I give, &c. Furthermore, I give to my son William Cutler, in trust for her, the said Jane and her heirs, store No. 94 and lot, in my block of buildings on State street, in the city of Hartford, for her and her heirs' sole use and benefit." The said Jane afterward married the petitioner, devised to him all her estate, and died, leaving a daughter, the issue of the marriage, who was still living. The respondent claimed to hold the estate in trust for the daughter, under the devise of the said Elbridge Cutler, and the question whether the said Jane took by the devise an equitable fee, which passed by her devise to the petitioner, or only a life estate, was on these facts reserved by the superior court for the advice of this court.

*Hubbard*, for the petitioner, contended that the will of Elbridge Cutler conveyed to his daughter Jane an equitable fee simple, and that the estate thus devised to her was one which she had the power to devise; citing in support of the former position, *Warren* v. *Haley,* 1 Sm. & Marsh. Cha., 647, and *Smith* v. *Wells,* 7 Met., 240; and of the latter, *Imlay* v. *Huntington,* 20 Conn., 146. *Ewing* v. *Smith,* 3 Dessau., 417, 445. *Demarest* v. *Wynkoop,* 3 Johns. Cha., 129. *Tullett* v. *Armstrong,* 1 Beaven, 3, 32. *Jacques* v. *Methodist Epis. Church,* 17 Johns., 548. *Bickett* v. *Hibbard,* 3 Mylne & Keene, 227. 2 Sto. Eq. Jur. § 1390. Reeve's Dom. Rel., 163. 2 Swift's Dig., 126, 7, 8.

*Welles* and *Fellowes*, for the respondent, contended, that the language of the devise was not appropriate to the creation of a fee-simple, and not the language ordinarily used for that purpose; that the testator clearly intended to create some other estate; that the words imported an intention to take the power of disposition from the first donee, and vest the

fee in her children; that the words were words of limitation and not of purchase; and that if it was manifest from the whole will that the devisor intended to give some other estate than a fee simple, an effect would be given to the intention: citing 1 Sw. Dig., 140. *Webb* v. *Hearing*, Cro. Jac., 415. 6 Cruise's Dig., 171. 2 Jarman on Wills, 13, 14, 18. *Brewster* v. *Striker*, 2 Comst., 19, 32. *Allin* v. *Bunce*, 1 Root, 96. Fearne Cont. Rem., 179. *Porter* v. *Bradley*, 3 T. R., 143. *Doe* v. *Perratt*, 5 Barn. & Cress., 48. *Bowers* v. *Porter*, 4 Pick., 198, 204. *Adams* v. *Cruft*, 14 id., 16. *Chamberlin* v. *Thompson*, 10 Conn., 243. *Parks* v. *Parks*, 9 Paige Ch., 110. *Heard* v. *Horton*, 1 Denio, 165, 168.

HINMAN, J. Elbridge Cutler, by his will, devised the premises in question to the defendant, in trust for his daughter, Jane M. Cutler, who has since deceased, and by her will devised all her estate to the plaintiff. The words of the will of Elbridge Cutler, so far as this property is concerned, are, "Furthermore, I give to my son, William Cutler, in trust for her, the said Jane M. Cutler, and her heirs, store No. 94, and lot, in my block of buildings on State street, in the city of Hartford, for her and her heirs' sole use and benefit;" and it is made a question by the defendant, whether these words gave the daughter an equitable fee, which she could dispose of by will, or only a life estate, which left the property on her death to pass, under the will of her father, to her daughter, for whose benefit the defendant now claims to hold it. The rule in Shelley's case would undoubtedly give to the daughter an equitable fee; as, however, that rule has been abolished in Connecticut, it becomes a mere question of intention, whether Elbridge Cutler designed by the words "for her and her heirs' sole use and benefit," that her heirs should take the estate as purchasers under his will, or only that they should take it as descendants from his daughter. But the word "heirs" in this will is used very much as it is used in our ordinary deeds of conveyance, where the only object is so to limit the estate as to convey the fee, instead of a life estate merely, and we suppose there is no doubt that this is the ordinary object of the

use of this word in conveyances, whether by deed or by will, where, in the same conveyance, an estate is limited over to the heirs of the grantee or donee. In the language of the books, it is used as a word of limitation, and not of purchase. Unless then there is something in other parts of the will to show that it was used in a different sense in this will, it ought undoubtedly to receive its ordinary and usual construction when used in such instruments. But there is nothing in this instrument to indicate that the testator did not intend that his daughter should take an equitable fee. His only object appears to have been to preserve the property for the sole use of his daughter during her life, without restricting her power to transfer it by will or otherwise. Such estates are very often held by married women; and it is well settled that they have the same power over them that other persons have over their estates. 2 Story Eq., sec. 1390. *Imlay* v. *Huntington*, 20 Conn., 147. The grantee of such an estate takes it discharged of the trust; so does the devisee. We therefore advise the superior court to decree that the defendant convey to the plaintiff his legal estate in the property thus held by him in trust for his sister.

In this opinion the other judges concurred.

Decree for petitioner advised.